UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

VENITA HAMMOND,

        Plaintiff,

    v.                                          Case No. 05-C-1071

STATE OF WISCONSIN DEPARTMENT OF
CORRECTIONS, ETHAN ALLEN BOYS SCHOOL,

        Defendants.

_____

O R D E R

On October 7, 2005, *pro se* plaintiff Venita Hammond filed a complaint alleging that she was terminated from her teaching position at the Ethan Allen Boys School on the basis of her race, sex and in retaliation for participating in protected activities. The plaintiff also alleges that she was subject to a hostile environment due to her race and sex. The plaintiff has filed a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel. For the reasons stated below, the court denies the motions.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine that the litigant is unable to pay the costs of

commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court is unable to conclude that the plaintiff is unable to pay the costs of commencing this action. The plaintiff indicates that she is presently employed at Kelley Educational Services and receives $800-1200 per month. She indicates that she is also employed at Shorewest Realtors and may earn additional money in commissions. The plaintiff indicates that she received a $10,000 loan from her parents in January 2005 to cover rent and other expenses. She also indicates that the average monthly balance in her checking account is $1,000, and that the average monthly balance in her savings account is $3,000. The plaintiff states that her monthly expenses, including rent, total over $1,100 per month. Based upon the above information, the court finds that the plaintiff is able to pay the filing fee in this action.

The court must also deny plaintiff's motion for appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *See, e.g., Jackson v. County of McLean*, 953 F.2d 1070,

1071 (7th Cir. 1992). A district court may, however, request counsel to represent an indigent civil litigant under certain circumstances. *See* 28 U.S.C. § 1915(e)(1). *See also, e.g., Jackson*, 953 F.2d at 1071. Whether to appoint counsel for an indigent civil litigant is within the court's discretion and thus the denial of a motion for appointment of counsel is reviewable only for an abuse of discretion. *See McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987), *cert. denied*, 485 U.S. 965 (1988). Following a threshold determination of whether the indigent has made reasonable efforts to retain counsel, *see Jackson*, 953 F.2d at 1072, the court then must consider:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Jackson*, 953 F.2d at 1072. The Seventh Circuit has simplified this five-fold test to one determinative question: "[G]iven the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.), *cert. denied*, 510 U.S. 963 (1993).

The court denies the plaintiff's motion because she does not indicate that she made a reasonable effort to secure counsel. The plaintiff should contact no

less than five firms that litigate employment discrimination claims. Additionally, the plaintiff may contact the Milwaukee Bar Association Lawyer Referral and Information Service ((414) 274-6768) or the State Bar of Wisconsin Attorney Information and Referral Service ((608) 257-4666).

Accordingly,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* be and the same is hereby DENIED. The plaintiff shall pay the filing fee in this action within thirty (30) days from the date of this order or the court shall dismiss this action without further notice and without prejudice;

IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2005.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge